IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC L. GONZALEZ,

       Plaintiff,

  v.

P. MULLEN, et al.,

       Defendants.

_____/

No. C 09-00953 CW (PR)

ORDER OF SERVICE FOLLOWING REMAND

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility (CTF), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his First, Eighth and Fourteenth Amendment rights and seeking injunctive relief.  His motion for leave to proceed in forma pauperis has been granted.

By Order filed May 14, 2010, the Court conducted a preliminary screening of the allegations in Plaintiff's first amended complaint, pursuant to 28 U.S.C. § 1915A.  The Court determined that none of Plaintiff's allegations stated a claim for relief under § 1983 and dismissed the first amended complaint with prejudice.

On appeal, the Ninth Circuit affirmed the dismissal of all but two of Plaintiff's claims.  Specifically, the Ninth Circuit held:

> [D]ismissal of Gonzalez's Eighth Amendment claim concerning shower shoes was improper at this early stage because Gonzalez's allegations that his inability to obtain shower shoes put him at risk of exposure to serious bacteria were not frivolous.  See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996)(indigent inmates have the right to personal hygiene supplies).

> Dismissal of Gonzalez's equal protection claim concerning differential treatment of male and female

**United States District Court**
For the Northern District of California

1    inmates was also improper at this early stage because
2    Gonzalez alleged facts suggesting that prison officials
     discriminated against him based on his gender without
3    penological justification.  See [Washington v. Davis, 426
     U.S. 229, 238-40 (1976).]

4    Docket No. 19 (Memorandum) at 3.  Consequently, the Ninth Circuit

5    vacated the Order of dismissal with respect to the above two claims

6    and remanded to this Court for further proceedings.

7         Accordingly, the Court orders as follows:

8         1.   The Clerk of the Court shall mail a Notice of Lawsuit and

9    Request for Waiver of Service of Summons, two copies of the Waiver

10   of Service of Summons, a copy of the first amended complaint and

11   all attachments thereto (docket no. 8) and a copy of this Order to

12   CTF Warden Randy Grounds, CTF Appeals Coordinator P. Mullen, and

13   Matthew Cate, Secretary of the California Department of Corrections

14   and Rehabilitation in Sacramento.

15        The Clerk of the Court shall also mail a copy of the complaint

16   and a copy of this Order to the State Attorney General's Office in

17   San Francisco.  Additionally, the Clerk shall mail a copy of this

18   Order to Plaintiff.

19        2.   Defendants are cautioned that Rule 4 of the Federal Rules

20   of Civil Procedure requires them to cooperate in saving unnecessary

21   costs of service of the summons and complaint.  Pursuant to Rule 4,

22   if Defendants, after being notified of this action and asked by the

23   Court, on behalf of Plaintiff, to waive service of the summons,

24   fail to do so, they will be required to bear the cost of such

25   service unless good cause be shown for their failure to sign and

26   return the waiver form.  If service is waived, this action will

27   proceed as if Defendants had been served on the date that the

28

                                    2

**United States District Court**
For the Northern District of California

waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.   No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is

filed.   The Ninth Circuit has held that the following notice should

be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary
> judgment by which they seek to have your case dismissed.
> A motion for summary judgment under Rule 56 of the
> Federal Rules of Civil Procedure will, if granted, end
> your case.

> Rule 56 tells you what you must do in order to
> oppose a motion for summary judgment.  Generally, summary
> judgment must be granted when there is no genuine issue
> of material fact -- that is, if there is no real dispute
> about any fact that would affect the result of your case,
> the party who asked for summary judgment is entitled to
> judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or
> other sworn testimony), you cannot simply rely on what
> your complaint says.  Instead, you must set out specific
> facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided
> in Rule 56(e), that contradict the facts shown in the
> defendant's declarations and documents and show that
> there is a genuine issue of material fact for trial.  If
> you do not submit your own evidence in opposition,
> summary judgment, if appropriate, may be entered against
> you.  If summary judgment is granted [in favor of the
> defendants], your case will be dismissed and there will
> be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of

Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

(party opposing summary judgment must come forward with evidence

showing triable issues of material fact on every essential element

of his claim).  Plaintiff is cautioned that because he bears the

burden of proving his allegations in this case, he must be prepared

to produce <u>evidence</u> in support of those allegations when he files

his opposition to Defendants' dispositive motion.  Such evidence

may include sworn declarations from himself and other witnesses to

the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.   Defendants shall file a reply brief no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

        d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

5.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

7.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED:   12/1/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ERIC L. GONZALEZ,

          Plaintiff,

  v.

P. MULLEN et al,

          Defendant.

_____/

Case Number: CV09-00953 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric L. Gonzalez E66196
State Prison Correctional Training Facility
P.O. Box 689
Fox Wing 235 Low
Soledad,  CA 93960-0689

Dated: December 1, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California