IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALEZ, | No. C 09-00953 CW (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS; GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY; SCHEDULING FURTHER BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| P. MULLEN, et al., | |
| Defendants. | |
| | (Docket nos. 30, 31, 34, 35, 36, 37, 46) |

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility (CTF), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, claiming the violation of his First, Eighth and Fourteenth Amendment rights.

By Order filed May 14, 2010, the Court determined that none of Plaintiff's allegations stated a claim for relief under § 1983, and dismissed the first amended complaint (FAC) with prejudice.

On appeal, the Ninth Circuit affirmed the dismissal of all but two of Plaintiff's claims. Specifically, the Ninth Circuit held:

> [D]ismissal of Gonzalez's Eighth Amendment claim concerning shower shoes was improper at this early stage because Gonzalez's allegations that his inability to obtain shower shoes put him at risk of exposure to serious bacteria were not frivolous. See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996)(indigent inmates have the right to personal hygiene supplies).
>
> Dismissal of Gonzalez's equal protection claim concerning differential treatment of male and female inmates was also improper at this early stage because Gonzalez alleged facts suggesting that prison officials discriminated against him based on his gender without penological justification. See [Washington v. Davis, 426 U.S. 229, 238-40 (1976).]

Docket No. 19 (Memorandum) at 3.

Consequently, the Ninth Circuit vacated the Order of dismissal

with respect to the above two claims and remanded the case to this Court for further proceedings.

On December 1, 2011, the Court ordered the FAC served on Defendants CTF Warden Randy Grounds, CTF Appeals Coordinator P. Mullen, and Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation. The Court directed Defendants to file a motion for summary judgment or other dispositive motion, and gave the parties leave to engage in discovery. Docket no. 23.

Thereafter, Plaintiff filed four motions to compel discovery. Docket nos. 34, 35, 36 & 37. Defendants opposed the motions, filed a motion for summary judgment and moved to stay discovery. Docket nos. 38-47. Plaintiff opposed the motion to stay discovery. Docket nos. 49-53. Defendants replied to Plaintiff's opposition with a declaration in which Defendants' counsel attests that, as of May 17, 2012, Defendants and Plaintiff have conferred about Plaintiff's outstanding discovery requests, Plaintiff has been provided with 158 pages of discovery responses, and Defendants have proposed additional guidelines for additional discovery subject to the parties' stipulation. Docket no. 55 & Ex. B.

In view of the recent advances made by the parties concerning Plaintiff's discovery requests, the Court DENIES without prejudice Plaintiff's motions to compel. Further, in view of Defendants' proffered stipulation concerning additional discovery, to which Plaintiff apparently has not yet responded, the Court GRANTS Defendants' motion to stay further discovery at this time. If the parties agree to and file a stipulation that allows for further limited discovery, the stay shall be deemed modified accordingly.

The parties shall comply with the briefing schedule set forth

below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motions for the Court to take judicial notice of his discovery requests and to compel discovery are DENIED. Docket nos. 30, 31, 34, 35, 36, 37.

2. Defendants' motion to stay discovery is GRANTED. Docket no. 46. If the parties file a stipulation that allows for additional limited discovery, the stay shall be deemed modified accordingly.

3. Plaintiff shall file his opposition to Defendants' motion for summary judgment no later than <u>forty-two days</u> (six weeks) from the date of this Order.

4. Defendants <u>shall</u> file a reply no later than <u>fourteen</u> days from the date Plaintiff's opposition is filed.

5. No extensions of time will be granted with respect to the above deadlines absent a showing of compelling circumstances.

This Order terminates Docket nos. 30, 31, 34, 35, 36, 37 and 46.

IT IS SO ORDERED.

DATED: 6/26/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE