IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>P. MULLEN, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-0953 CW (PR)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT AND<br>MOTION TO FILE SUR-REPLY<br><br>(Docket nos. 41, 63) |

INTRODUCTION

Plaintiff, a state prisoner incarcerated at the Correctional Training Facility (CTF) at Soledad, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, seeking prospective injunctive relief for the alleged violation of his constitutional rights. On initial review of the first amended complaint, pursuant to 28 U.S.C. § 1915A, the Court determined that none of Plaintiff's allegations stated a claim for relief under § 1983 and dismissed the claims with prejudice. On appeal, the Ninth Circuit found two of Plaintiff's claims cognizable and remanded the case for further proceedings.

The Court ordered the first amended complaint served on Defendants, who filed a motion for summary judgment that has been briefed fully by the parties.[1] For the reasons discussed below, the motion for summary judgment is GRANTED.

//

---

[1] Defendants' motion for leave to file a sur-reply is GRANTED. The sur-reply was filed on October 12, 2012 and Plaintiff filed a response thereto on October 22, 2012.

DISCUSSION

Plaintiff alleges violations of the Eighth Amendment and the equal protection clause of the Fourteenth Amendment. He seeks prospective injunctive relief to remedy the alleged violations.

I. Defendant Mullen

The Court ordered service of Plaintiff's claims on Defendants P. Mullen -- the appeals coordinator at CTF, Randy Grounds -- the warden at CTF, and Matthew Cate -- the Director of the California Department of Corrections and Rehabilitation.

In their motion for summary judgment Defendants argue that Plaintiff has failed to link Mullen to his allegations and, therefore, all claims against Mullen should be dismissed. In his opposition to Defendants' motion, Plaintiff responds that "P. Mullen is not a defendant in this action." Opp'n at 31:23-24.

Accordingly, all claims against Mullen are DISMISSED with prejudice.

II. Summary Judgment Legal Standard

Summary judgment is only proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

2

will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Anderson, 477 U.S. at 248 (holding fact to be material if it might affect outcome of suit under governing law). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if, as to any given fact, evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A district court may consider only admissible evidence in ruling on a motion for summary judgment. See Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder

3

v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

III. Plaintiff's Claims

    A.   Eighth Amendment Claim

Plaintiff claims that he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment because the state prison system does not provide him, as an indigent inmate, with free shower shoes. Specifically, Plaintiff maintains that, as an indigent inmate who cannot afford to purchase shower shows at the canteen, his health is put at risk each time he showers because he is likely to be exposed to a serious contagious disease, such as hepatitis or HIV, from coming into contact with the bodily fluids of other inmates, or to a bacterial infection such as athlete's foot.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) a prison official is, subjectively, deliberately indifferent to inmate safety. Id. at 834.

Defendants argue that the conditions of which Plaintiff complains are not sufficiently egregious to amount to a violation of the Eighth Amendment, that Defendants are not the cause of his lack of shower shoes, and that his claim is moot. The Court need not decide if a triable issue exists as to whether the deprivation alleged by Plaintiff rises to the level of an Eighth Amendment

4

1 violation; rather, the Court finds, for the reasons discussed
2 below, that Defendants are not responsible for Plaintiff's lack of
3 shower shoes and, therefore, have not acted with deliberate
4 indifference to his safety.

5     The undisputed evidence shows that shower shoes are available
6 for purchase at CTF's inmate canteen for $1.20.  Decl. A. Kester
7 Supp. Mot. Summ. J. (Kester Decl.) ¶ 4.  Shower shoes also are
8 available through the quarterly package program.  Id.  Under this
9 program, inmates in a qualifying privilege group (or their friends
10 and families) are entitled to purchase certain items from approved
11 outside vendors for delivery on a quarterly basis, i.e., every
12 ninety days.  Id.  Plaintiff regularly receives quarterly packages
13 and shower shoes are not a restricted item.  Id. ¶¶ 4-5.

14     Plaintiff acknowledges that he routinely receives quarterly
15 packages, but maintains that he orders the packages for other non-
16 indigent inmates, who provide him with $5.00 worth of items from
17 the prison canteen in exchange for each quarterly package.  Opp'n
18 at 15:8-16:10; Pl.'s Decl. Supp. Opp'n ¶ 3-7.  Plaintiff states
19 that he uses the $5.00 to purchase three deodorants and a lotion,
20 which does not leave him with enough money to buy shower shoes.
21 Opp'n at 16:11-17:6.

22     Based on this evidence, it is clear that Defendants' actions
23 have not placed Plaintiff at risk of serious harm.  Instead, the
24 evidence shows 1) that Plaintiff is allowed to receive shower
25 shows through quarterly packages but sells his quarterly packages
26 to other inmates; 2) that Plaintiff receives $5.00 worth of items
27 from the prison canteen in exchange for each quarterly package;
28 3) that shower shoes are available in the canteen for $1.20; and

5

4) that Plaintiff chooses to purchase deodorant and lotion rather than shower shoes. In sum, Plaintiff does not have shower shoes because he has chosen not to buy them, not because Defendants have prevented him from doing so.

Further, the evidence shows that, during the course of these proceedings, on May 8, 2012, a Public Health Nurse at CTF issued shower shoes to Plaintiff even though he could not pay for them. Decl. H. Dowless Supp. Defs' Sur-Reply (Dowless Decl.) ¶¶ 2-4 & Exs. A-B; Pl's Decl. Supp. Sur-Reply Response ¶¶ 3-4. Defendants argue that Plaintiff's receipt of the shower shoes renders his current claim for injunctive relief moot. Plaintiff argues that the claim is not moot because he is still indigent and there is no guarantee that he will be provided with shower shoes by the Public Health Nurse in the future.

As discussed above, even if Plaintiff has no funds in his trust account and qualifies for pauper status in the present proceedings, the evidence shows that he receives $5.00 from other inmates each quarter and chooses to spend those funds on deodorant and lotion rather than shower shoes, which cost $1.20. Further, there is no indication that he will not be provided with shower shoes free of charge by medical staff in the future if he requests them.

In sum, Plaintiff's claim in this action is that his inability to obtain shower shoes places him at a serious risk of harm of contracting a serious illness. However, the undisputed evidence shows that he does not face such harm because he has the ability to purchase shower shows and has been provided with shower shoes free of charge. Accordingly, Plaintiff is not entitled to

6

prospective injunctive relief.[2]

Based on the above, summary judgment is GRANTED in favor of Defendants on this claim.

II. Equal Protection Claim

Plaintiff claims his right to equal protection is being violated by CDCR regulations that prohibit male inmates from purchasing certain personal property items from the canteen or receiving them in their quarterly packages, while female inmates do not face the same prohibitions. According to Plaintiff, such property items include, but are not necessarily limited to, denim wear, hair dryers, immersion heating devices and earrings. He seeks prospective injunctive relief that would revise the pertinent CDCR regulations to allow all male inmates to purchase the same products as female inmates. He also claims that male

---

[2] Further, Plaintiff cannot challenge the contested prison policy on behalf of other inmates. Specifically, pro se prisoners cannot act as class representatives. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Moreover, any class claim for prospective injunctive relief related to medical needs is barred by the pending class action Plata v. Brown, No. 01-cv-01351 TEH (N.D. Cal.), which concerns the constitutional adequacy of CDCR inmate medical health care. The Plata class consists of "all prisoners in the custody of the CDCR with serious medical needs." See Stip. for Inj. Relief 5, ECF No. 24, No. 01-cv-01351 TEH (N.D. Cal.). A plaintiff who is a member of a class suing for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action.")

inmates must be allowed to wear earrings like female inmates.[3]

In support of their motion for summary judgment, Defendants argue that the CDCR regulations differentiating between items that can be possessed by male and female inmates are reasonably related to legitimate penological interests. Specifically, they present evidence of various security reasons for denying access to certain property items to inmates based on gender, housing institution and custody status.

The proper standard for determining the validity of a prison regulation or practice claimed to infringe on an inmate's constitutional rights is whether the regulation or practice is "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). This is the case even when the constitutional right claimed to have been infringed is fundamental or a suspect class is involved, and the state under other circumstances would be required to satisfy a more rigorous standard of review. See Washington v. Harper, 494 U.S. 210, 223-25 (1990).

As an initial matter, the Court finds that the constitutionality of all of the restrictions addressed by the relevant CDCR matrices is not at issue in this case. Instead, the allegations in Plaintiff's first amended complaint and his administrative appeals show that the only specific item to which

---

[3] Plaintiff also complained originally about the denial of access to certain high-sugar content food items, but he has withdrawn that contention and conceded that Defendants have a legitimate penological interest in prohibiting inmates from possessing food items that can be used to make pruno. Opp'n at 25:26-26:3.

8

he has sought access for personal use is an earring.  The Court finds that Plaintiff's broad-based administrative grievance that all male inmates be allowed to possess all of the same property items as female inmates is not sufficient to constitute exhaustion of that claim for purposes of this Court's review.  42 U.S.C. § 1997e(a).  Specifically, because Plaintiff did not expressly exhaust a request for all of the items that male inmates are prohibited from possessing, only the prohibition of earrings is properly before the Court.  As noted above, Plaintiff cannot challenge contested prison policies on behalf of other inmates.  The Court, therefore, will not review Plaintiff's comprehensive claim that the CDCR property matrices are unconstitutional as to each item that female inmates can possess but male inmates cannot.

With respect to Plaintiff's specific claim that the prohibition on receiving and wearing earrings violates his right to equal protection, the Court finds the claim unsupported by the evidence.  Defendants have presented evidence that shows a rational relationship between the restriction on male possession of earrings and security concerns.[4]  Specifically, California Code of Regulations, title 15, section 3062(k) provides the following:

> [I]nmates shall not possess or wear any type of jewelry or other object intended to be worn as a body piercing adornment.  This is necessary as it may pose a threat to the health and well being of inmates in that instruments or devices used for piercing may not be sterile, and could cause infections, as well as transmitting blood-borne diseases.  Additionally, these provision are necessary because body piercings may be ripped out during an altercation, and they [] also would pose an

---

[4] The Court GRANTS Defendants' motion for the Court to take judicial notice of the applicable regulations.

9

>additional safety and security risk as piercings can be altered to make weapons.

Defs' Req. Jud. Not. Ex. A at 3.

The property matrices exempt prisoners at women's institutions from this restriction because the CDCR has determined that fewer acts of violence occur at those prisons that at men's prisons such as Plaintiff's. Plaintiff claims that this is not the case because female inmates are just as, or more, likely than male inmates to pull on hair and earrings during a fight. Plaintiff's contention, however, is purely speculative and not based on admissible evidence.

Based on the above, the Court finds that Defendants' evidence shows that the prohibition on the possession of earrings by male inmates is reasonably related to the legitimate penological interest of prison security. Because Plaintiff has not raised a triable issue of fact with respect to that evidence, summary judgment is GRANTED in favor Defendants on this claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion for summary judgment is GRANTED. (Docket no. 41.)

2. Defendants' motion to file a sur-reply is GRANTED. (Docket no. 63.)

The Clerk of the Court shall enter judgment in favor of Defendants and close the file. All parties shall bear their own costs.

10

This Order terminates Docket nos. 41 and 63.

IT IS SO ORDERED.

Dated: 3/29/2013

CLAUDIA WILKEN
United States District Judge